# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# AT MEMPHIS

| | |
|---|---|
| **ANTONIO FUTCH,** | ] |
| **Plaintiff,** | ] |
| vs. | ] Case No: |
| **FREEDOM PREPARATORY ACADEMY, INC.,** | ] JURY DEMAND |
| **Defendants.** | ] |

## COMPLAINT

Comes now the Plaintiff, Antonio Futch, by and through counsel and for cause of action will respectfully show to the Court as follows:

### JURISDICTION & VENUE

1.  This action involves the application of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*; the Americans with Disabilities Act, as amended ("ADAAA"), 42 U.S.C. § 12101, *et. seq;* and Section 504 of the Rehabilitation Act of 1973 ("Rehab Act" or "Section 504"), 29 U.S.C. 794, *et seq*. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331.

2.  The claims asserted in this action arose in Shelby County, Memphis, Tennessee; therefore, proper venue for this action lies within the Western District of Tennessee pursuant to 28 U.S.C. § 1391.

### ADMINISTRATIVE PREREQUISITE

3.  Plaintiff has fulfilled all conditions precedent to the institution of this action under 42 U.S.C.A. § 2000e. A Notice of Right to Sue was issued on September 28, 2023, a true and correct

copy of which is attached hereto as Exhibit A. Further, Defendant is a domestic corporation that employs more than fifteen employees.

## PARTIES

4. Plaintiff, Antonio Futch (hereinafter referred to as "Plaintiff" or "Mr. Futch"), is an adult male individual and citizen of the United States who resides in Shelby County, Memphis, Tennessee. At all relevant times, Mr. Futch, was an employee of Freedom Preparatory Academy (hereinafter referred to as "Defendant" or "Freedom"), within the meaning of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*, the Americans with Disabilities Act, as Amended ("ADA"), 42 U.S.C. § 12101, *et seq,* and Section 504 of the Rehabilitation Act of 1973 ("Rehab Act" or "Section 504"), 29 U.S.C. 794, *et seq*.

5. Defendant is a domestic, non-profit corporation or similar business entity and regularly conducts business at 136 Webster Ave., Memphis, Tennessee.

6. At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed fifteen (15) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to 42 U.S.C. § 12101, the Americans with Disabilities Act.

7. At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the current or preceding calendar year pursuant to 29 U.S.C. § 2611(4)(A) of the Family and Medical Leave Act (FMLA).

8. Defendant is a recipient of federal funds subject to Section 504 of the Rehabilitation Act.

## FACTUAL ALLEGATIONS

9. Plaintiff is a resident of Tennessee, residing in Shelby County.

10. Mr. Futch was hired by Defendant on or around July 1, 2018 as a Grade Chair and Culture Lead.

11. Throughout his employment, Mr. Futch performed his job duties without issue and never received any negative performance evaluations.

12. Mr. Futch made Defendant aware throughout his employment that his daughter suffered from a severe disability.

13. During Mr. Futch's employment, Defendant ostensibly allowed Mr. Futch to arrive at work slightly later in order to care for his disabled daughter.

14. Mr. Futch requested a leave of absence in order to care for his daughter and his own mental health.

15. Mr. Futch explicitly provided Defendant notice of potential FMLA qualifying events, including his daughter's disability and his own illness.

16. While on leave, Mr. Futch continuously updated Defendant about his daughter's disability.

17. On January 26, 2022, due to the severity of her disability, Mr. Futch explicitly requested FMLA leave paperwork from Defendant.

18. Prior to Mr. Futch's explicit request for FMLA paperwork, Defendant failed to notify him of his rights under the FMLA.

19. Defendant delayed providing Mr. Futch this documentation for several days after his request.

20. Mr. Futch utilized paid time off January 26- 28, 2021 to care for his disabled daughter.

21. Mr. Futch worked a partial day on January 29, 2021, but informed his superiors he needed to take the rest of the week off to care for his disabled daughter.

22. As of February 1, 2022, Mr. Futch still had not received FMLA paperwork so he sent another request to Human Resources.

23. Defendant provided Mr. Futch with FMLA paperwork later that day.

24. Mr. Futch promptly sent the documents to his daughter's treating physician for certification.

25. The following day, February 2, 2022, Defendant informed Mr. Futch he was being terminated because it "needed someone who was going to show up for work."

26. On February 13, 2022, Mr. Futch received a letter from Defendant alleging he had been terminated for failing to return to work.

27. Mr. Futch's daughter passed away two (2) days later, on February 15, 2022.

28. Defendant terminated Mr. Futch in violation of the Family and Medical Leave Act, Americans with Disabilities Act, and Section 504 of the Rehabilitation Act.

29. Any reason stated by Defendant is pretext.

## COUNT I – VIOLATION OF FAMILY AND MEDICAL LEAVE ACT
### (Interference)

30. Plaintiff hereby re-alleges paragraphs 1 through 30 as though fully set forth herein.

31. Defendant qualifies as an "employer" as defined in the FMLA, 29 U.S.C. § 2611(4) and employed over fifty (50) or more employees within a seventy-five (75) mile radius from the location in which the Plaintiff worked.

32. Plaintiff was an "eligible employee" as defined in the FMLA, 29 U.S.C. § 2611(2), as he had been employed continuously by Defendant for over a twelve-month period and worked at least 1,250 hours of service in the prior twelve-month period.

33. Plaintiff was "entitled to leave" as defined in the FMLA, 29 U.S.C. § 2612(1).

34. Defendant interfered with Plaintiff's attempt to exercise his right of entitlement to leave under the FMLA, pursuant to 29 U.S.C. § 2615(a).

35. Defendant is responsible and liable under the FMLA, 29 U.S.C. § 2617(a).

36. Defendant, in terminating Plaintiff's employment for requesting FMLA willfully violated the anti-interference provisions of the FMLA, 29 U.S.C. § 2615.

37. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## COUNT II – VIOLATION OF FAMILY AND MEDICAL LEAVE ACT
### (Retaliation)

38. Plaintiff hereby re-alleges paragraphs 1 through 38 as though fully set forth herein.

39. Defendant qualifies as an "employer" as defined in the FMLA, 29 U.S.C. § 2611(4) and employed over fifty (50) or more employees within a seventy-five (75) mile radius from the location in which the Plaintiff worked.

40. Plaintiff was an "eligible employee" as defined in the FMLA, 29 U.S.C. § 2611(2), as he had been employed continuously by Defendant for over a twelve-month period and worked at least 1,250 hours of service in the prior twelve-month period.

41. Defendant is responsible and liable under the FMLA, 29 U.S.C. § 2617(a).

42. Defendant, in terminating Plaintiff's employment for requesting FMLA willfully violated the anti-retaliation provisions of the FMLA, 29 U.S.C. § 2615.

43. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## COUNT III- VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

44. Plaintiff hereby re-alleges paragraphs 1 through 44 as though fully set forth herein.

45. Plaintiff was subjected to an adverse employment action when he was discharged.

46. Plaintiff was a qualified individual for his position as he had performed without issue for over three years.

47. At the time of the adverse employment action, Defendant knew Plaintiff's minor daughter suffered a severe disability.

48. Defendant discharged Plaintiff under circumstances that raise a reasonable inference that Plaintiff's association with a disabled family member was a determining factor in Defendant's decision.

49. As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

50. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorney's fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

## COUNT IV – VIOLAITON OF THE REHABILITATION ACT

51. Plaintiff hereby re-alleges the foregoing paragraphs as though fully set forth herein.

52. Plaintiff was a qualified individual for his position as he had performed his duties without issue for the previous four (4) years.

53. Plaintiff was subjected to an adverse employment action when he was terminated.

54. At the time of the adverse employment action, Defendant knew Plaintiff's minor daughter suffered from a disability.

55. Defendant terminated Plaintiff because of Plaintiff's association with a disabled individual and/or his need for leave to care for his disabled daughter.

56. As a direct and proximate result of Defendant's unlawful acts, Plaintiff has suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

57. As a result, Plaintiff is entitled to recover his damages, including lost wages and benefits, compensatory and punitive damages, attorney's fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which he may be entitled.

**WHEREFORE,** Plaintiff requests this court enter judgment in favor of the Plaintiff and against Defendant, for:

(1) all amounts of wages and benefits that Plaintiff should have received under federal law but for Defendant's willful violation of his rights;

(2) all reasonable attorney's fees, costs and interest pursuant to federal law;

(3) nominal damages;

(4) the sum of money determined by the Jury to be sufficient to compensate him for the damages complained of herein;

(5) all punitive damages; and

(6) any such other legal or equitable relief as may be appropriate or to which he may be entitled under federal or state law.

**THE EMPLOYMENT & CONSUMER LAW GROUP**

*/s/ LAUREN IRWIN*
**BRANDON HALL, BPR No. 034027**
**LAUREN IRWIN, BPR No. 038433**
**EMILY COSTANZO, BPR No. 041447**
1720 West End Ave, Suite 402
Nashville, TN 37203
(615) 850-0632
bhall@eclaw.com

lauren@eclaw.com
emily@eclaw.com

*Attorney for Plaintiff*